Tins was an indebitatus assumpsit in the Provincial Court, referring to an account of particulars, some whereof can never alone support an indebitatus assumpsit
The evidence to support the action below, being principally the oath of the plaintiff himself under our act of Assembly. The evidence was objected to and ruled to be improper to support the action.
Two points are to be considered in this case. ist. Whether all the articles in the account are proper found;, «kmc fe this action ? 3d. Whether, supposing some of the *154 articles to be proper and others improper, and all be joined in one and the same account, as is the case here, the action is supportable ?
Assumpsit and indebitatus assumpsit must be distinguished. Every indebitatus assumpsit is an assumpsit, but not vice versa. The actions of indebitatus assumpsit were introduced to prevent waging of law, which (though the old lawyers were fond of, and Coke says in Slade’s case, 4 Rep. 95. was taken from the 22d Exodus, v. 7. 10, 11.) was found to be introductory of perjury. For the manner of waging law, see Jacob’s Law Dictionary, 2 Lili. 674, 675.
Assumpsit lies for the non-performance of. any promise or contract (not being unlawful in itself) for valuable consideration, and the non-performance may be beneficial to the defendant, or prejudicial to the plaintiff. If a contract be made to build me a house, or do me any other service, or if a horse or goods are delivered to me at my request, and no price expressly agreed for, although an assumpsit will lie, yet an indebitatus assumpsit or debt will not lie. And even where the sum is certain, if the defendant is only collateral security, though assumpsit will lie, yet indebitatus assumpsit will not. 1 Vent. 268. 293. In the same book, 311. it was adjudged that for goods sold at the defendant’s request to a stranger, indebitatus assumpsit lay, and four years after a contrary judgment was given. 2 Vent. 36. And in the case 311. the doctrine laid down is not contradicted, that collateral security is not liable to indebitatus assumpsit, but rather that the defendant was directly chargeable as debtor to the plaintiff, according to the distinction made by Holt, Chief Justice, in the case of Butcher and Andrews, Garth. 446. Upon any other supposition, the case 311. seems to be against the current of the authorities. The case of the Bank of England v. Glover explains the doctrine fully. 2 Raym. 753. 841, 842.
These cases shew the distinction between assumpsit and indebitatus assumpsit. Indebitatus assumpsit being substituted in place of actions of debt, which are superior to assumpsits, seems to be of a superior nature to an as sumpsit., *155 '}■ Bac. Ábr. 162» The cases cited shew that there is a clisiinetion between the two actions indebitatus assumpsit and an assumpsit. The former will not lie on a wager nor against the acceptor of a bill of exchange. 6 Mod. 128, 129. 2 Vent. 175. 1 Salk. 23. pi. 3. and the case quoted in Hardr. 483. is to the same purpose; and it seems tobe the current and established doctrine that indebitatus assumpsit will not lie but where debt lies. Skin. 196. Against this doctrine I remember but one case in Mod. Cases in Law and Equity, 373. which seems to be rather an obiter opinion, than an opinion on the point under the consideration of the Court, nor does it appear it was the Court’s opinion, and such opinions are not authority. Vaugh. 382.
The cases cited prove these two points. 1st. That indebitatus assumpsit will not lie but where debt will lie. 2d. That neither indebitatus assumpsit nor debt will lie upon any collateral undertaking, though assumpsit will, and the difference between the actions arises from the different form of proceeding. For example, the writ in an action of debt mentions in it the sum demanded, and the declaration must agree with the writ. In an action of indebitatus assumpsip the declaration is, that the defendant was indebted to the plaintiff in such a sum, mentioning how the debt became due.
Assumpsits are various according to the different nature of the different cases, and must be set forth specially as in a collateral undertaking, that in consideration of my delivering goods or money to another at the request of the defendant he promised to pay me, I must aver that confiding in his promise, I delivered the money or goods, &c. and charge him with a breach of his promise, or if I do any work or deliver any goods without agreeing for the price, I must declare specially that in consideration of the work or goods, the defendant promised to pay what they were reasonably worth, with an averment of their value charging a breach of the promise. These may be called subtleties, but they are such as the law of the land requires to be observed.
*156 2d. Whether, supposing- some of die articles to be such as would maintain an indebitatus assumpsit, and others im - proper, and all joined in one count, the action can be supported ? If there be two counts, one good and one bad, and separate damages given, the plaintiff will have a judgment on his good count, releasing the damages for the bad. count; but if the damages be given generally no judgment can be had, and if there be it will be erroneous. 2 Raym. 757. Clark v. Martin, and Williams v. Cutting, same book, 825. And the case of Bennett v. Verdun, 841. Hob. 88. 184. Vide Har. 89. and Holt, 273. Tort and contract cannot be joined. 3 Lev. 99. 1 Sid. 244. 1 Salk. 10. pi. 2.
Where a man has a right of action he must pursue the r'emedy the law prescribes, or he will fail. 2 Raym. 1399. where an action of trespass was brought, which ought to have been an action on the case, and judgment was for the defendant. The case of Seaman and Dee, 1 Vent. 198. is a very strong case against the plaintiff. Suppose a general verdict for the plaintiff in the Court below, for his whole demand and judgment, such judgment would be erroneous. Roll. Abr. 784, 785. 2 Bulst. 28. S. C. Judgment re versed in toto where part of the debt is good and part bad. Moor. 366. Roll. Abr. 764. New Abr. tit. Error, 227, 228.
Suppose the judgment below erroneous, what can bo done here after reversal ? There cannot be a final but an interlocutory judgment, for a writ of inquiry must issue, after a return of which the defendant may move in arrest of judgment, and it will be arrested if damages are giver, for any thing the action lies not for, unless it be released» Whether this Court can issue a writ of inquiry is worthy of consideration. Vid. Skin. 523. If then the plaintiff had had the damages assessed below as they might have- done, there would have been no difficulty, provided the damages were so assessed as that the part for which damages were given and the action did not lie, could be released.
Lib. E. Ji No. 7. fol. 439»
Note. The records do not shew what determination, took place in the Court of Appeals.